UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KELLY SHAWN SKAGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:11-cv-124-JMS-DKL |
| | ) | |
| CHARLES L. LOCKETT, | ) | |
| Warden, FPC-Terre Haute, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

Kelly Skaggs is a federal inmate confined in this District. He suffers from Hepatitus C and claims that Warden Charles Lockett exhibited deliberate indifference to his serious medical needs. Warden Lockett has appeared in the action and seeks resolution of Skaggs' claim through the entry of summary judgment.

**I. Summary Judgment Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" those materials which "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The nonmoving party bears the

burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). If a party "fails to properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

In this case, Skaggs has not opposed the motion for summary judgment. The consequence of this is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

Skaggs' claim is asserted pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). *Bivens* Aauthorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. ' 1983 authorizes such suits against state officers . . . .@ *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Thus, to maintain an action under 28 U.S.C. ' 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). The pertinent constitutional claim in the present case is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

Skaggs has Hepatitus C and claims that Warden Lockett denied him access to interferon treatments, The undisputed evidentiary record, however, shows otherwise. That is, the evidentiary record establishes that Warden Lockett had no

personal involvement with the Skaggs' medical treatment and that Warden Lockett is in a supervisory administrative position only. He is not a medical doctor and had no personal involvement with medical treatment, or decisions relating to the medical treatment provided to Skaggs. He has no authority over clinical treatment plans for inmates, nor did her treat the Skaggs or make any medical judgments or recommendations about his medical treatment. By the same token, there were medical personnel at the prison who are responsible for medical judgments for the care of inmates. Skaggs has had access to and contact with medical personnel at the prison. The details of Skaggs' medical care at the prison are not provided, nor would they be material, given that Warden Lockett is neither directly involved in that care or responsible for the decisions of the medical professionals.

> [i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

***Spruill v. Gillis,*** 372 F.3d 218, 236 (3d Cir. 2004); ***see also Hayes v. Snyder,*** 546 F.3d 516, 527 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.").

## III. Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." ***Crawford-El v. Britton,*** 118 S. Ct. 1584, 1598 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. ***Mason v. Continental Illinois Nat'l Bank,*** 704 F.2d 361, 367 (7th Cir. 1983).

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." ***Babcock v. White,*** 102 F.3d 267, 275 (7th Cir. 1996) (quoting ***Turner v. Safley,*** 482 U.S. 78, 84 (1987)). Skaggs has not identified a genuine issue of material fact as to his claim against Warden Lockett, who is entitled to judgment as a matter of law. Charles Lockett's motion for summary judgment [21] is therefore **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/08/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana